195 P.2d 363

**PAULSEN v. KRUMSICK et al.**

No. 7446.

Supreme Court of Idaho.

June 22, 1948.

Samuel F. Swayne, of Orofino, for respondent.

J. H. Felton and William J. Jones, both of Moscow, for appellant.

HOLDEN, Justice.

It appears prior to April 20, 1945, respondent H. W. Krumsick and appellant Arthur Paulsen jointly operated a sawmill in Clearwater county; that during the operation of the mill plaintiff and appellant Paulsen advanced the sum of $18,480 to the joint venture; that, April 20th, appellant demanded an accounting and settlement and apparently, as a result of such demand, the following agreement was made and entered into:

"Memorandum of Agreement

"This memorandum of agreement made and entered into in duplicate this 20th day of April, 1945, by and between Arthur Paulsen, a single man, of Nezperce, Idaho, hereinafter referred to as first party, and H. W. Krumsick, of Orofino, Idaho, hereinafter referred to as second party,

"Witnesseth:

"That whereas, first party has heretofore contributed the sum of $18,480.00 to a sawmill and logging venture instituted by second party, and first party now desires to withdraw therefrom, and the parties hereto desire to make a full settlement of all matters between them in any way arising out of or connected with said contributions,

"Now, therefore, the parties hereto do hereby agree as follows:

"First, second party agrees to forthwith convey to first party the following described real and personal property which has been a part of the assets of said venture above mentioned, to-wit: [Then follows the description of certain real estate located in Clearwater county and certain personal property, that is to say, a Caterpillar tractor]

"Second: Second party agrees to as soon after date hereof as the same can possibly be done, repair or have repaired in good and workman-like manner, the motor head on the tractor above mentioned, at his own expense.

"Third: First party hereby gives and grants to second party the option and privilege to purchase such amount of the merchantable saw timber on the above described real property as the second party shall desire, so long as the first party has not sold such timber to other persons as hereinafter provided, at a rate of $4.00 per thousand, stumpage, to be paid on the 10th day of each and every calendar month for all logs from such timber scaled into the mill during the preceding calendar month. Second party shall have the option and privilege to select 1,000,000 feet or thereabouts on the lands above described to be purchased by him on the terms aforesaid; and first party reserves the right and privilege to sell any of the remaining timber other than that above selected by second party to any other purchasers, so long as second party has not exercised his option to take the same, at a price of $3.50 or better per thousand stumpage. First party also reserves the privilege of selling

the land upon which said timber is situated at any time before the timber is removed therefrom, but agrees that in making any sale of such land he will reserve all timber rights thereon for a period of three (3) years or more after the date of such sale.

"Fourth: It is contemplated that first party will sell said caterpillar tractor for the best cash price obtainable under O. P. A. ceiling, and that he will also as soon as he can obtain an advantageous sale therefor sell the land on which the timber above mentioned is situated, and that when first party has received from sale of the tractor and the sale of the land, and the sale of the timber above mentioned, after deducting any necessary expense in making such sale and the amount paid Clearwater County, Idaho, as hereinafter set forth, and taxes, the sum of $20,000.00 and interest thereon and the decreasing amounts thereof at the rate of three per cent (3%) per annum from date hereof, that he will then reconvey to the second party by quit-claim deed any of the lands and timber above described then remaining and unsold by him. Second party agrees to lend his best efforts and aid and assist first party, without charge, in making the sales herein contemplated.

"Fifth: First party hereby relinquishes, remises and forever quit-claims unto the second party, any right, title, interest, claim or demand on his part, in, of or to the saw mill, saw mill machinery and any other and all property of every kind and nature, whether standing in the name of second party or both parties hereto, which has been or now is a part of or used in the saw mill and logging venture hereinbefore mentioned.

"Sixth: The parties hereto do hereby release each other from all claims and demands of every kind and nature on account of any transactions of every kind and nature heretofore carried on or existing between them, it being understood that this is a compromise agreement fully and fairly entered into for the purpose of finally settling, determining and adjusting all matters between them.

"Seventh: First party agrees that he will pay the balance due on part of the lands above described to Clearwater County, Idaho, and also that he will keep up the taxes on said lands or timber so long as he owns the same, and for which he shall have credit as above mentioned.

"In Witness Whereof, the parties have hereunto set their hands and seals, the day and year first above written.

"Arthur Paulsen (Seal)
 "First Party.
"H. W. Krumsick (Seal)
 "Second Party.

"The undersigned, Evelyn Krumsick, joins herein for the purpose of obligating whatever community interest she may have in the property above described.

"Dated this 20 day of April, 1946.

 "Evelyn Krumsick
 "Evelyn Krumsick"

It further appears, following the making and execution of the above quoted contract, respondents deeded the real property to appellant and later sold and disposed of the sawmill and the machinery used in the operation thereof.

It also appears respondents failed and refused to repair the tractor mentioned and described in and as provided by the contract, and, further, that appellant tried to but could not sell and dispose of the real property described in the contract.

It does not appear just when this suit was commenced, but it does appear that, February 19, 1948, an amended complaint was filed, alleging:

"I. That the defendants, H. W. Krumsick and Evelyn Krumsick, are husband and wife;

"II. That prior to April, 1945, and for some years theretofore, the plaintiff had advanced to the defendants as a part of a mutual sawmill venture the sum of $18,480.-00; that the business transactions of such venture were handled exclusively by the defendant, H. W. Krumsick, and that to the 20th day of April, 1945, no accounting had ever been made;

"III. That about the 20th day of April, 1945, the plaintiff contacted the defendant, H. W. Krumsick, and. demanded of him some accounting of their joint ventures and some settlement as to their affairs; that the defendant, H. W. Krumsick, represent-ed to the plaintiff that the sawmill and sawmill properties were of little value, that no profits had been made, but that the defendants were possessed of certain timber properties worth well upwards of $20,000.-00, and that he would return to the plaintiff moneys which plaintiff had advanced toward the joint venture and interest thereon, the sum of $20,000.00 being designated as the sum owing, and secure the payment of such sum by deeding to him as security certain timber lands located in Clearwater County, Idaho, and described in the contract hereto attached; and that thereupon a contract for such purpose was entered into by and between the plaintiff and defendants, a copy of which contract is attached hereto, marked 'Exhibit A,' and made a part hereof by reference; and that the lands in Clearwater County, Idaho, therein designated were deeded to plaintiff in conformity therewith;

"IV. That plaintiff is not acquainted with the value of sawmills, timber, timber lands, and timber products; that defendants have long been acquainted with sawmills, timber, timber lands and timber products, and the values thereof; and that plaintiff believed the representations of the defendants, and entered into such contract in reliance thereon;

"V. That in conformity with the Seventh Paragraph of the said contract, the plaintiff paid the balance due to the County of Clearwater, Idaho, and the taxes on

said property in the total sum of $847.79, and paid out for abstracting the sum of $185.00, and attempted to sell and dispose of such properties for the purpose of liquidating the debt, in conformity with the contract, but was unable to do so;

"VI. That the defendants neglected and refused to repair the tractor as contracted in the Second paragraph of such contract, refused to aid and assist in making any sales of the property, and did nothing to comply with the said agreement in the matter of taking timber from such property;

"VII. That the properties mentioned in the contract and deeded to the plaintiff are not of the value of $20,000.00 and upwards, but are of the probable value of $1,500.00 or less, and the tractor was worthless; that this was known to the defendants but was unknown to the plaintiff; that the sawmill and properties which comprised the assets of the joint enterprise between the parties, and into which the moneys advanced by plaintiff were placed, were and are valuable properties, have since been used by the defendants as a profitable enterprise, and have been sold and disposed of, to the defendants' profit; from which sales the defendants have realized more than sufficient to have paid plaintiff."

To the amended complaint a general demurrer was interposed alleging, in substance: That such amended complaint did not state facts sufficient to constitute a cause of action. Thereafter such demurrer was argued and submitted to the court for decision. March 11, 1948, an order was made and later, March 15th, filed, sustaining the general demurrer to the amended complaint. Plaintiff and appellant refusing to plead further, judgment of dismissal of the suit was entered, from which plaintiff Paulsen appeals.

On appeal but one error is specified, to-wit: That the court erred in sustaining respondents' demurrer to plaintiff's amended complaint and in entering judgment of dismissal, for the reason, it is contended, the amended complaint stated a cause of action against respondents.

That presents the question: Does the amended complaint allege sufficient facts to entitle appellant to any relief? If so, the trial court erred in sustaining the general demurrer and dismissing the suit. Eastern Idaho Loan and Trust Company v. Blomberg, 62 Idaho 497, 503, 113 P.2d 406, and cases therein cited.

Under our code, the technicalities of pleadings have been dispensed with and plaintiff need only state his cause of action in ordinary and concise language, without regard to the ancient forms of pleadings, and plaintiff can be sent out of court only when upon his facts he is entitled to no relief either at law or in equity. Stone v. Bradshaw, 64 Idaho 152, 158, 128 P.2d 844, and cases cited.

Moreover, a demurrer admits the truth of all facts well pleaded and all in-

tendments and inferences that may reasonably be drawn therefrom, and the facts alleged will be construed in the light most favorable to plaintiff (American Home Benefit Ass'n. v. United American Benefit Ass'n., 63 Idaho 754, 759, 125 P.2d 1010), and, for the purpose of determining the effect of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties, and to that end the pleadings should be so construed as to allege all facts that can be implied from fair and reasonable intendment from facts expressly stated. Fox v. Cosgriff, 64 Idaho 448, 133 P.2d 930. Tested by these rules, does the above quoted amended complaint state facts sufficient to entitle appellant to any relief?

In substance, it appears from the above quoted amended complaint: That for some years appellant and respondent, H. W. Krumsick, were jointly engaged in the operation of a sawmill; that during the period the sawmill was so operated appellant advanced $18,480 to the joint venture; that the business was handled exclusively by respondent; that no accounting was ever made by respondent; that April 20, 1945, appellant demanded an accounting; that appellant was not acquainted with the value of sawmills, timber or timber products; that, on the other hand, respondent, H. W. Krumsick, was acquainted with the value of such property; that respondent, H. W. Krumsick, represented to appellant: That

the sawmill and sawmill properties were of little value; that no profits had been made; that he possessed timber properties worth well upwards of $20,000; that he would return appellant the money he had advanced with interest thereon; that the sum of $20,000 was designated as the sum owing; that to secure the payment of that sum respondents deeded certain timber lands to appellant; that thereupon the above quoted contract was entered into between the parties, and that the lands described therein were the lands deeded to appellant; that the lands deeded to appellant "are" not of the value of $20,000 and upwards, but "are" of the probable value of $1500 or less, and that the tractor mentioned in the contract was worthless; that this was known to respondents but was unknown to appellant; that appellant believed the representations of respondent, H. W. Krumsick, and entered into the contract in reliance thereon; that the sawmill and properties into which appellant placed the said sum of $18,480 were valuable properties; that respondents later sold and disposed of such properties.

It is clear therefrom respondent H. W. Krumsick represented the timber and land to be worth "upwards of $20,000"; that the representation was material; that such property was worth less than $1500; in other words, inferentially, at least, that such representation was false; that appellant believed the representations to be true and entered into the contract in reliance thereon; in other words, and inferentially,

348

that he, appellant, was thereby induced to enter into the contract.

 It is not necessary a complaint in a suit charging fraud allege the falsity of each and every material representation made. A single material false representation, if sufficiently pleaded, as in the case at bar, is sufficient. Merchants Ice and Cold Storage Co. v. Globe Brewing Co., 73 Cal. App.2d 828, 167 P.2d 503, 506; to the same effect: McLeod v. Stelle, 43 Idaho 64, 70, 249 P. 254.

Judgment reversed and cause remanded with directions to the trial court to overrule respondents' general demurrer. Costs awarded to appellant.

GIVENS, C. J., BUDGE and MILLER, JJ., and FEATHERSTONE, District Judge, concur.

HYATT, J., not participating.