702 P.2d 884

Mary PICHON,
Plaintiff-Respondent-Cross Appellant,

v.

L.J. BROEKEMEIER, INC., a corporation, Defendant-Respondent,

and

CMT Investment Company, formerly known as and also known as Colwell Mortgage Trust, a corporation, Defendant-Appellant-Cross Respondent,

and

Sawtooth Title Co., Inc., a corporation, Lawyers Title Insurance Corporation, a corporation, and L.J. Broekemeier, Defendants-Cross Respondents.

No. 14594.

Court of Appeals of Idaho.

June 28, 1985.

John C. Ward, Langroise, Sullivan & Smylie, Boise, for appellant, cross-respondent CMT Inv. Co.

Mary Pichon, respondent, cross-appellant, pro se.

Edward L. Benoit (argued) and William Langley, Twin Falls, for cross-respondents Sawtooth Title Co., Inc. and Lawyers Title Ins. Corp.

WALTERS, Chief Judge.

This suit was commenced by a vendor of real estate, seeking to recover damages caused by the purchaser in default. The trial court entered judgment against a mortgagee that had assumed the purchaser's responsibility to perform the purchase agreement. The mortgagee appeals; the vendor cross-appeals against the mortgagee and other parties originally named in the complaint. We affirm the judgment. However, we vacate the trial court's order denying an award of attorney fees and we remand for redetermination of such an award.

With thorough and well-prepared findings of fact and conclusions of law, the trial court found the following facts. In 1972, Mary Pichon entered into an agreement to sell approximately three acres of land located in Ketchum, Idaho, to L.J. Broekemeier, Inc. (Broekemeier). When Broekemeier approached Pichon with inquiries about the purchase of her land, Pichon indicated she was willing to sell and that she would accept installment payments on the purchase price. Pichon made it clear, however, she would not subordinate her interest to a commercial lender, *i.e.*, she would not convey title to the property until she had been paid in full. The written contract provided for a conveyance of one-half of the property when Pichon received $20,000 plus $64,000 or an equivalent credit, at Pichon's option, toward condominium units to be built on the conveyed property. A full conveyance of Pichon's interest would enable Broekemeier to get construction financing for the condominium development. In 1973, Broekemeier paid Pichon the $20,000 and Pichon elected the

condominium acquisition option. The $64,-000, to be credited toward condominium units at their construction cost, entitled Pichon to three units. Pichon executed a warranty deed to one-half the property to Broekemeier, and she also signed a "consent to encumber" the entire parcel with a lender's lien so long as it was subject to Pichon's prior interest. The instruments were placed in escrow with Sawtooth Title Insurance Company, Inc. (Sawtooth), which recorded the warranty deed. Broekemeier acquired a construction loan from Colwell Mortgage Trust, Inc. (CMT) and built thirty-two condominium units on the approximately one and one-half acre parcel. Pichon never received a deed to the three units she had selected.

After Broekemeier defaulted on the note secured by CMT's deed of trust in 1974, CMT commenced non-judicial foreclosure of its lien. A trustee's sale was held, at which CMT acquired a deed to the developed property. After her attempts to get a deed to the three condominium units failed, Pichon filed suit, alleging claims against Broekemeier, Sawtooth and Lawyers Title Insurance Company, Inc. (Lawyers). Following a bench trial, the district court quieted title to the undeveloped property in Pichon and ordered CMT to convey title to the three condominiums or to pay $182,500 in damages to Pichon. The trial court also dismissed Pichon's claims against Sawtooth and Lawyers. To facilitate clarity in the opinion, we will discuss the particular facts as found by the trial court as they pertain to the separate issues raised by the parties on appeal.

I

■ The trial judge entered judgment against CMT on a theory of unjust enrichment, i.e., CMT would be unjustly enriched by retention of the condominium units Broekemeier was obligated to convey to Pichon. CMT contends on appeal that Pichon cannot recover based on unjust enrichment because CMT was not guilty of any wrongdoing. We disagree. In *Hixon*

*v. Allphin,* 76 Idaho 327, 281 P.2d 1042 (1955), our Supreme Court noted:

> The essence of a *quasi* contractual obligation lies in the fact that the defendant has received a benefit which it would be inequitable for him to retain. * * * It is not necessary in order to create an obligation to make restitution or to compensate, that the party unjustly enriched should have been guilty of any tortious or fraudulent act. The question is: Did he, to the detriment of someone else, obtain something of value to which he was not entitled?

*Hixon v. Allphin,* 76 Idaho at 333, 281 P.2d at 1045. Subsequent Idaho appellate decisions also permit an unjust enrichment recovery when the defendant was not guilty of misconduct. *See McKay Construction Co. v. Ada County Board of County Commissioners,* 96 Idaho 881, 538 P.2d 1185 (1975); *Continental Forest Products, Inc. v. Chandler Supply Co.,* 95 Idaho 739, 518 P.2d 1201 (1974); *Dursteler v. Dursteler,* 108 Idaho 230, 697 P.2d 1244 (Ct.App.1985). We believe it is clear that Pichon is not obligated to prove culpable conduct by CMT in order to recover on a theory of unjust enrichment.

■ CMT also maintains that it has not been enriched at all, let alone unjustly enriched, because it lost money on the overall transaction when Broekemeier defaulted. But CMT's remedy for damages caused by Broekemeier is against Broekemeier, not against Pichon. The trial court found that CMT had assumed Broekemeier's obligation on his contract with Pichon, including the obligation to convey clear title to the three condominiums to Pichon. Because it had not conveyed title to the units, CMT received a benefit that would be inequitable for it to retain without compensating Pichon. Such is the essence of an unjust enrichment recovery.

■ CMT next insists that Pichon was estopped to deny the effectiveness of the warranty deed conveying the one and one-half acres to Broekemeier. The argument is based on the trial court's finding that Pichon knew Broekemeier needed the deed

in order to get construction financing. CMT also argues that the doctrine of estoppel by deed precludes Pichon's claim for relief. We are not persuaded. CMT has cited us to no authority, nor did our research reveal any, that indicates on facts similar to the instant case that a grantor may not allege and prove he has not received the compensation which induced him to convey his property.

■ Finally, CMT contends that Pichon's recovery is precluded by I.C. § 45–1508. That section denies to a purchaser in default on a deed of trust any right to redeem the property after it is sold at the trustee's sale. Thus, although section 45–1508 prevents Broekemeier from redeeming the property sold to CMT, it does not prevent equity from ordering compensation to Pichon for her conveyance of the property. The trial court did not err by awarding the three condominium units or, in the alternative, payment of damages to Pichon.

## II

Pichon contends on cross-appeal the trial court erred by dismissing her complaint against Sawtooth and Lawyers. Her claims against the title insurance companies were based on Sawtooth's recording of the warranty deed to one-half of the property sold under the contract and issuing a title insurance policy, underwritten by Lawyers, on behalf of CMT. Before we consider Pichon's arguments on appeal, we first address Sawtooth's and Lawyers' contention that Pichon's notice of cross-appeal was not timely filed.

I.A.R. 14 allows a party forty-two days following entry of a judgment in which to file a notice of appeal. At the time Pichon's cross-appeal was filed, I.A.R. 15 allowed "an opposing party" fourteen days from the date the appeal is served to file a cross-appeal. The judgment in this case was entered on March 10, 1982 and CMT's notice of appeal was filed on the 18th of April. Pichon's cross-appeal was filed on the 25th or 26th of April, both dates occurring more than forty-two days after the entry of the judgment but within fourteen days after CMT's appeal. Sawtooth and Lawyers argue that the fourteen additional days following service of the notice of appeal applies only to a cross-appeal against the party who filed the original appeal, but not to a cross-appeal against a party who is not named, and who is unaffected by, the original appeal. If I.A.R. 15 did not extend the time for filing a cross-appeal against Sawtooth and Lawyers, Pichon's cross-appeal would be untimely because it was not filed within forty-two days of the judgment.

■ We are not persuaded by the argument of untimeliness. I.A.R. 15, as it read at the time Pichon filed her cross-appeal could be interpreted to extend the time for filing a cross-appeal against a party not named in the notice of the original appeal. The "opposing party" language could be a designation of the party entitled to file a cross-appeal, rather than a restriction on the availability of the fourteen day extension provided by Rule 15. In other words, if a party qualifies as a party opposing the appeal, he has fourteen days following the notice of appeal to file a cross-appeal, without regard to which party the cross-appeal is filed against. A recently adopted change to Rule 15 indicates this is the correct interpretation of the rule. I.A.R. 15 now provides that "a cross-appeal may be filed by any party to the action or proceeding within the time limit prescribed by these rules or within fourteen days from the date the notice of appeal is served, whichever is later." Our interpretation of Rule 15 is consistent with the judicial policy of encouraging resolution of legal disputes on the merits. See *Sines v. Blaser*, 98 Idaho 435, 566 P.2d 758 (1977); *Duff v. Bonner Building Supply, Inc.*, 103 Idaho 432, 649 P.2d 391 (Ct.App.1982). We hold that the cross-appeal by Pichon, including its claims against Sawtooth and Lawyers, was timely filed.

■ We also find no error in the trial court's dismissal of Pichon's claims against Sawtooth and Lawyers. Pichon's claims for recovery against Sawtooth and Law-

yers were based on Sawtooth's recording of the warranty deed that enabled Broekemeier to acquire construction financing. Pichon alleged Sawtooth negligently recorded the deed without instructions from her and without verifying that Pichon had received payment as provided in the contract, and that Sawtooth's negligence proximately caused damage to Pichon. The trial court found that Pichon knew Broekemeier was unable to obtain construction financing without obtaining a deed to a portion of the property, that Pichon intended to convey title by execution of the warranty deed, and that the warranty deed was executed and recorded according to the intent of Pichon and Broekemeier. On these findings, the court concluded that Sawtooth violated no contractual obligation it had to Pichon, and that Sawtooth was not negligent. We decline to disturb the findings of the trial court because they are supported by substantial competent, although conflicting, evidence. *See* I.R.C.P. 52(a); *Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App.1983). Likewise, the conclusions are supported by the findings of fact and thus will not be disturbed on appeal. *See Morris v. Frandsen,* 101 Idaho 778, 621 P.2d 394 (1980); *Fahrenwald v. LaBonte,* 103 Idaho 751, 653 P.2d 806 (Ct. App.1982). Because Pichon failed to prove a basis for recovery against Sawtooth and Lawyers, the trial court did not err by dismissing her claim against the title insurance companies.

### III

■ Pichon also argues the trial court erred in denying her request for an award of attorney fees against CMT and Broekemeier. The trial court refused to award such fees on two grounds. First, the court ruled there was no agreement between the parties allowing recovery of fees because relief had been granted to Pichon on the equitable remedy of unjust enrichment, outside of any contractual arrangement. We are not persuaded the court erred in so ruling. Second, the court refused to allow fees under I.C. § 12–121. The court held it was bound by I.R.C.P. 54(e)(1) to award

fees under that statute "only when the court finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." The court concluded the case was not defended frivolously, unreasonably or without foundation.

■ Rule 54(e) only applies to actions filed after March 1, 1979. *White v. Rehn,* 103 Idaho 1, 644 P.2d 323 (1982). This action was filed by Mrs. Pichon in 1975, well before Rule 54(e) became effective. The trial court incorrectly assumed that he was bound by the rule, when in fact his exercise of discretion in considering an award of fees under I.C. § 12–121 was not subject to the limitations of that rule. Due to the trial judge's erroneous assumption, we conclude that attorney fees were denied on improper grounds. *See Barnes v. Hinton,* 103 Idaho 619, 651 P.2d 553 (Ct.App. 1982). The case must be remanded so that the trial court can decide, in the proper exercise of its discretion, whether to award attorney fees under I.C. § 12–121. Although on remand the trial court is not bound to apply Rule 54(e), the trial court is at liberty to follow the rule as a guide to the exercise of its discretion.

The judgment of the trial court is affirmed. The order denying attorney fees is vacated. The cause is remanded to determine whether an award of attorney fees should be made to Pichon under I.C. § 12–121. No party asks for an award of attorney fees on appeal and none will be awarded. Costs to respondent, cross-appellant Mary Pichon.

BURNETT and SWANSTROM, JJ., concur.