IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 34856

TODD and CHRISTINA BATES, husband )
and wife, )
     )     Boise, December 2008 Term
  Plaintiffs-Counterdefendants-Respondents. )
     )     2009 Opinion No. 28
v. )
     )     Filed: March 4, 2009
STEVEN PAUL SELDIN, JR., and TARA )
RACHELLE BATES, husband and wife; )     Stephen Kenyon, Clerk
THE WHOLE NINE YARDS, INC., an Idaho )
corporation, )
     )
  Defendants-Counterclaimants-Appellants. )

Appeal from the District Court of the Fourth Judicial District of the State of
Idaho, Ada County. Honorable Phillip M. Becker, District Judge.

The decision of the district court is affirmed.

Michael B. Schwarzkopf, Boise, for appellants.

Scott Rose, Boise, for respondents.

_____

HORTON, Justice

      This appeal arises from a jury verdict in favor of Respondents Todd and Christina Bates. Appellants Steven Seldin, Tara Bates, and the Whole Nine Yards, Inc. (the Company) appeal the district court's denial of Appellants' motion for judgment notwithstanding the verdict, award of costs and attorney fees below in favor of Respondents, and award of costs and attorney fees below in favor of Respondents for defending Appellants' post-trial motions to reconsider. We affirm the district court's denial of Appellants' motion for judgment notwithstanding the verdict, affirm the district court's award of costs and attorney fees below, and award Respondents their costs and attorney fees on appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

      On December 15, 2004, Respondents sold their home in Hansen, Idaho and purchased 49% of the Company for $33,500. Shortly thereafter, Respondents moved to Boise and

Respondent Todd Bates began working for the Company. Respondents also borrowed an additional $10,000 in order to buy spray trucks and equipment for the Company. The Company had significant financial problems and Todd Bates worked for the Company without compensation until he terminated his association with the Company on April 2, 2005. Appellants eventually sold the Company's assets for approximately $15,000.

On May 23, 2005, Respondents filed suit against Appellants seeking to recover their investment in the Company. Respondents' suit against Appellants alleged breach of contract, unjust enrichment, and fraud. After a trial lasting from May 8, 2007, through May 12, 2007, the jury concluded that Appellants breached their contract with Respondents. However, no damages were awarded on this claim because Appellants proved an affirmative defense excusing the breach. The jury concluded that Respondents unjustly enriched Appellants and awarded Respondents $7,350 in damages. The jury concluded that Appellants did not defraud Respondents.

Appellants filed a motion for judgment notwithstanding the verdict, which the district court denied. The district court awarded Respondents costs and attorney fees in the amount of $41,380. Appellants filed a motion to reconsider the district court's denial of their motion for judgment notwithstanding the verdict. Appellants also filed a motion to reconsider the district court's award of costs and attorney fees. Respondents filed a motion for costs and attorney fees for defending Appellants' motions to reconsider. The district court denied both of Appellants' motions to reconsider and awarded Respondents costs and attorney fees for defending the motions in the amount of $2,800. Appellants timely appeal to this Court.

## II. STANDARD OF REVIEW

This Court reviews de novo a district court's decision to deny a motion for a judgment notwithstanding the verdict. *Griff, Inc. v. Curry Bean Co., Inc.*, 138 Idaho 315, 319, 63 P.3d 441, 445 (2003) (citing *Polk v. Larrabee*, 135 Idaho 303, 311, 17 P.3d 247, 255 (2000)). The standard of review of a grant or denial of a motion for judgment notwithstanding the verdict is the same as that of the trial court when ruling on the motion. *Horner v. Sani-Top, Inc.*, 143 Idaho 230, 233, 141 P.3d 1099, 1102 (2006) (citing *Quick v. Crane*, 111 Idaho 759, 764, 727 P.2d 1187, 1192 (1986)). A trial court will deny a motion for judgment notwithstanding the verdict if there is evidence of sufficient quantity and probative value that reasonable minds could have reached a similar conclusion to that of the jury. *Id.* (citing *Hudson v. Cobbs*, 118 Idaho

2

474, 478, 797 P.2d 1322, 1326 (1990)). A trial court is not free to weigh the evidence or pass on the credibility of witnesses, making its own independent findings of fact and comparing them to the jury's findings. *Griff, Inc.*, 138 Idaho at 319, 63 P.3d at 445. A trial court reviews the facts as if the moving party admitted any adverse facts and draws all reasonable inferences in favor of the non-moving party. *Ricketts v. E. Idaho Equip., Co., Inc.*, 137 Idaho 578, 580, 51 P.3d 392, 394 (2002).

This Court reviews a trial court's determination of who is the prevailing party and award of attorney fees below for abuse of discretion. *Vanderford Co., Inc. v. Knudson*, 144 Idaho 547, 552, 165 P.3d 261, 266 (2007). "'The burden is on the party opposing the award to demonstrate that the district court abused its discretion.'" *Lettunich v. Lettunich*, 145 Idaho 746, 749, 185 P.3d 258, 261 (2008) (quoting *E. Idaho Agric. Credit Ass'n v. Neibaur*, 133 Idaho 402, 412, 987 P.2d 314, 324 (1999)). To determine whether a trial court abused its discretion, this Court asks: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Id.* "'The calculation of a reasonable award of attorney fees is within the discretion of the trial court.'" *Id.* (quoting *Bott v. Idaho State Bldg. Auth.*, 128 Idaho 580, 592, 917 P.2d 737, 749 (1996)).

### III. ANALYSIS

Appellants argue that the district court erred when it denied their motion for judgment notwithstanding the verdict because the special verdict jury instructions were incorrect as a matter of law. Appellants argue that the special verdict jury instructions permitted the jury to make a finding of unjust enrichment despite the fact that the jury had also found that the parties had entered into a contract. Appellants also challenge the district court's award of costs and attorney fees to Respondents and award of costs and attorney fees to Respondents incurred in connection with Appellants' post-trial motions. Both parties seek attorney fees on appeal.

**A. Appellants are precluded from assigning error to the special verdict jury instructions.**

Appellants' motion for judgment notwithstanding the verdict points to error in the special verdict jury instructions. Respondents argue that Appellants did not timely object to the special verdict jury instructions and failed to preserve any objection to the instructions for appeal.

3

Idaho Rule of Civil Procedure 51(b) states in relevant part: "No party may assign as error the giving of or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the instruction to which that party objects and the grounds of the objection." The plain language of the Rule is clear in that it requires a party object to a jury instruction before the jury retires to consider its verdict.

The relevant language in I.R.C.P. 51(b) was amended to its current version in 2004 and this Court has not had the opportunity to directly address the effect of the current rule. While *Vanderford* was decided under the prior version of I.R.C.P. 51(b), we noted that the current version of Rule 51(b) "requires a specific objection to an instruction." 144 Idaho at 556, 165 P.3d at 270. Additionally, I.R.C.P. 51(b) contains substantially identical language to I.C.R. 30(b), which this Court has interpreted as requiring a specific objection to a jury instruction prior to the jury in a criminal case retiring to consider its verdict. *State v. Anderson*, 144 Idaho 743, 749, 170 P.3d 886, 892 (2007).

In the instant case, Appellants did not object to the instructions contained in the special verdict before the jury retired to consider its verdict. The trial transcript indicates that the trial judge asked counsel if they had the opportunity to read the jury instructions and if they had any objections. Counsel for Appellants indicated that he had one objection regarding a matter unrelated to this appeal, but Appellants did not object to the special verdict jury instructions. Further, Appellants' counsel acknowledged by way of affidavit that he did not object to the special verdict jury instructions:

> The instruction in fact proffered to the jury was legally erroneous in its interplay between the contract and unjust enrichment causes. The Plaintiffs/Counterdefendants' Special Verdict Form, eventually signed by the jury, was read aloud in Court to [the jury] and no one, *including myself, made note of the incorrect matters in the instruction*.

(Emphasis added). Therefore, we conclude that Appellants failed to object to the special verdict jury instructions below and preserve the issue for appeal.

## B. The district court did not err when it denied Appellants' motion for judgment notwithstanding the verdict.

It is evident that the jury found that Appellants entered into a contract with Respondents, but the jury also found that this contract was not enforceable. Question Two of the special verdict jury form asked the jury to decide whether Appellants entered into a contract with Respondents. Question Three asked the jury to decide whether Appellants breached the contract,

4

and Question Four asked the jury to decide whether Appellants proved an affirmative defense. The jury concluded that the parties had entered into a contract, which Appellants breached, but Appellants proved an affirmative defense. Once the jury made these findings, the special verdict form required the jury to consider the doctrine of unjust enrichment. The jury found that Appellants were unjustly enriched and awarded Respondents $7,350.

When ruling on a judgment notwithstanding the verdict, a court must determine whether, as a matter of law, the jury's verdict was supported by evidence of sufficient quantity and probative value that reasonable minds could have reached a similar conclusion to that of the jury. *Hudson*, 118 Idaho at 478, 797 P.2d at 1326 (citation omitted). This inquiry focuses the court's attention to the evidence admitted in the case, and the court reviews the facts with deference to the nonmoving party. *Ricketts*, 137 Idaho at 580, 51 P.3d at 394.

In the instant case, Appellants do not argue that the jury's verdict was not supported by evidence of sufficient quantity and probative value that reasonable minds could have reached a similar conclusion to that of the jury. Rather, Appellants argue that the special verdict jury instructions were incorrect as a matter of law. Appellants have attempted to use their motion for judgment notwithstanding the verdict as a means of circumventing the clear language of I.R.C.P. 51(b) in order to collaterally attack the special verdict jury instructions. Appellants are in essence forcing a square peg into a round hole. They are attempting to utilize a rule designed to address evidentiary deficiencies to correct an alleged instructional error that was not preserved. The focus of a motion for judgment notwithstanding the verdict is whether substantial evidence supports the jury's verdict. *Highland Enters., Inc. v. Barker*, 133 Idaho 330, 337, 986 P.2d 996, 1003 (1999) (citing *Lanham v. Idaho Power Co.*, 130 Idaho 486, 495, 943 P.2d 912, 921 (1997)).

Inasmuch as Appellants have not attacked the sufficiency of the evidence supporting the jury's unjust enrichment award, this matter merits only brief discussion. Respondents claimed to own a 49% percent interest in the Company. When Appellants liquidated the Company's assets, they realized approximately $15,000. The jury's award of $7,350 reflects Respondents' 49% interest in the Company's assets. Thus, we conclude there was substantial evidence presented at trial to support the jury's verdict.

Although unnecessary to our decision, we note that Appellants' legal argument is without merit. Appellants argue that the doctrine of unjust enrichment is inapplicable where a contract exists between the parties. Appellants' analysis, however, is incorrect. An award for unjust

5

enrichment may be proper even though an agreement exists. *Wolford v. Tankersley*, 107 Idaho 1062, 1064, 695 P.2d 1201, 1203 (1984) (citing *Hixon v. Allphin*, 76 Idaho 327, 281 P.2d 1042 (1955)). The existence of an express agreement does not prevent the application of the doctrine of unjust enrichment. Only when the express agreement is enforceable is a court precluded from applying the equitable doctrine of unjust enrichment in contravention of the express contract. *Id*. (citing *Chandler v. Washington Toll Bridge Auth.*, 137 P.2d 97 (Wash. 1943); *Hixon*, *supra*). Once the jury determined that the contract was not enforceable because Appellants had proved an affirmative defense, the jury properly considered Respondents' claim of unjust enrichment.

### C. The district court properly awarded Respondents costs and attorney fees.

Appellants argue that the district court abused its discretion when it concluded that Respondents were the prevailing party below because the final judgment or result of the action was at odds with the relief sought by Respondents. Alternatively, Appellants argue that even if the district court properly concluded that Respondents were the prevailing party below, the district court's calculation of attorney fees based upon the rate of $200 an hour was too high. Appellants also argue that the district court erred when it awarded Respondents attorney fees for defending Appellants' post-trial motions to reconsider.

Idaho Rule of Civil Procedure 54(d)(1)(B) defines "prevailing party" and provides in relevant part that: "In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties." In reaching its decision that Respondents were the prevailing party, the district court considered the fact that Respondents recovered substantially less than they sought. The district court also considered the fact that Respondents successfully defended against Appellants' counterclaims. We are unable to conclude that the district court abused its discretion in determining that Respondents were the prevailing party.

As the prevailing party, the district court awarded Respondents $41,380 in attorney fees, which Appellants argue was in error. Idaho Rule of Civil Procedure 54(e)(3) sets forth twelve factors that a court shall consider when determining the amount of an award of attorney fees. When reviewing a trial court's award of attorney fees this court does not give any one factor from I.R.C.P. 54(e)(3) more weight than any of the other factors. *Lunders v. Estate of Snyder*, 131 Idaho 689, 700, 963 P.2d 372, 383 (1998).

6

In the instant case, the district court specifically analyzed all of the listed factors of I.R.C.P. 54(e)(3) in its memorandum decision granting Respondents attorney fees. Appellants argue that the district court erred when considering I.R.C.P. 54(e)(3)(D), which requires that a court consider "[t]he prevailing charges for like work." Appellants argue that counsel for Respondents' fee of $200 an hour was an inflated reflection of the prevailing charges for like work in Boise, Idaho. Appellants also argue that the district court awarded Respondents attorney fees without receiving from Respondents' counsel any basis by which to adjudge the prevailing charges for like work.

Appellants ask this Court to reduce the award of attorney fees based upon one factor found in I.R.C.P. 54(e)(3). However, the district court correctly considered all factors found in I.R.C.P. 54(e)(3). Furthermore, the district court analyzed the prevailing charges for like work in the Boise area as compared to the charges by Respondents' counsel. The district court stated that: "It appears the prevailing charges for like work without trial in the Boise area is about $175 per hour and that $250 to $400 per hour is charged for trial." Counsel for Respondents also submitted an affidavit to the court stating in relevant part that: "My regular, customary and reasonable attorney fees are billed at Two Hundred Dollars ($200) per hour though my clients and I entered into a contingency fee agreement which doesn't adequately compensate for the time required to prosecute this matter." We conclude that the district court did not abuse its discretion when it awarded Respondents attorney fees in the amount of $41,380.

The district court also awarded Respondents $2,800 for defending Appellants' post-trial motions for reconsideration. Appellants argue that the district court failed to find that the motions were defended or made frivolously, unreasonably, or without foundation and failed to make a written finding as to the basis and reasons for awarding attorney fees. We do not find this argument persuasive. Both parties acknowledged that the instant case involved a commercial transaction. Therefore, the district court properly awarded Respondents their attorney fees pursuant to I.C. § 12-120(3).

**D. Respondents are entitled to an award of attorney fees on appeal.**

Respondents ask this Court for an award of attorney fees on appeal pursuant to I.C. § 12-120(3) as the prevailing party in a commercial transaction. Respondents also request that the Court sanction Appellants' counsel pursuant to I.A.R. 11.1. Appellants also ask for an award of attorney fees pursuant to I.C. § 12-120(3).

Because Appellants did not prevail in this appeal, they are not entitled to an award of attorney fees. Because Respondents have prevailed on this appeal, we award them attorney fees pursuant to I.C. § 12-120(3). We decline to award attorney fees pursuant to I.A.R. 11.1 because we are unable to conclude that the appeal was brought for an improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. *Frank v. Bunker Hill Co.*, 142 Idaho 126, 132, 124 P.3d 1002, 1008 (2005) (citing *Painter v. Potlatch Corp.*, 138 Idaho 309, 315, 63 P.3d 435, 441 (2003)).

## IV. CONCLUSION

We affirm the district court's denial of Appellants' motion for judgment notwithstanding the verdict, affirm the district court's awards of cost and attorney fees, and award Respondents their costs and attorney fees on appeal.

Justices BURDICK, J. JONES, W. JONES and Justice Pro Tem KIDWELL, **CONCUR**.