**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

R. WAYNE KLEIN,

        Plaintiff - Appellee,

  v.

DOYLE BECK,

        Defendant - Appellant.

No. 13-35341

D.C. No. 4:10-cv-00088-EJL-REB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted December 10, 2014
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

After a four-day trial, a jury returned a verdict in favor of Plaintiff-Appellee R. Wayne Klein ("the Receiver"), finding Defendant-Appellant Doyle Beck ("Beck") liable under a theory of unjust enrichment in the amount of $55,000. Beck appeals the district court's denial of his motions under Federal Rules of Civil Procedure 50(a),

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

50(b), and 59(e) as well as the overruling of his objection to a jury instruction on unjust enrichment. We affirm.

As the parties conceded at oral argument, this appeal turns on one dispositive, legal issue: does Idaho's enactment of the Uniform Fraudulent Transfer Act (the "IUFTA") displace an equitable claim of unjust enrichment? Although Idaho courts have yet to address the issue, we agree with the district court's conclusion that the IUFTA does not categorically displace the unjust enrichment claim in this case.

The IUFTA provides that "[u]nless displaced by the provisions of this act, the principles of law and equity . . . supplement its provisions." IDAHO CODE ANN. § 55-919 (2014). Under Idaho law, a statute cannot displace the common law absent clear implication. *Mickelsen v. Broadway Ford, Inc.*, 280 P.3d 176, 179–80 (Idaho 2012). Despite its anti-displacement provision, Beck argues that *Mickelsen* stands for the proposition that the IUFTA displaces unjust enrichment claims. But, *Mickelsen* interpreted a provision of Idaho's Uniform Commercial Code that expressly set forth the "rights and remedies for material misrepresentation or fraud" relating to certain leases. *Id.* at 180. There, the court found that the statute's express provision of all "rights and remedies" for fraud demonstrated a clear intent to displace common law fraud claims relating to leases that fell under the purview of the statute. *Id.*

2

We read *Mickelsen* to say only that the IUFTA can displace some common law fraudulent transfer claims, given that the IUFTA defines when transfers are fraudulent.[1] However, it does not follow from *Mickelsen* that the IUFTA also bars all equitable claims, especially if those claims do not require any showing of fraud or misconduct. *See Pichon v. Broekemeier, Inc.*, 702 P.2d 884, 887 (Idaho Ct. App. 1985) (unjust enrichment claim does not require showing of misconduct or culpability). Our interpretation is consistent with other jurisdictions' interpretation of the UFTA.[2]

---

[1] *Cf. Cavadi v. DeYeso*, 941 N.E.2d 23, 39 (Mass. 2011) (constructive trust claim predicated on theory of fraudulent transfer governed by UFTA rather than common law); *Moore v. Browning*, 50 P.3d 852, 858 (Ariz. Ct. App. 2002) (UFTA rather than common law governed fraudulent transfer claim such that UFTA statute of limitations applied).

[2] *See, e.g.*, *Fleet Nat'l Bank v. Valente (In re Valente)*, 360 F.3d 256, 260–62 (1st Cir. 2004) (Rhode Island's version of the UFTA did not preclude alternative equitable claims); *Goya Foods, Inc. v. Unanue*, 233 F.3d 38, 44–46 (1st Cir. 2000) (under New York law, constructive trust claim still viable even though plaintiff could not recover under fraudulent transfer claim); *Donell v. Keppers*, 835 F. Supp. 2d 871, 879 (S.D. Cal. 2011) (recognizing that "a suit under the UFTA is not the exclusive remedy by which fraudulent transfers may be attacked, and common law remedies remain available" (internal quotation marks omitted)); *Macedo v. Bosio*, 86 Cal. App. 4th 1044, 1048 (2001) (UFTA is cumulative rather than exclusive remedy). *But see United States v. Bame*, 721 F.3d 1025, 1030–31 (8th Cir. 2013) (noting that courts interpreting Minnesota's enactment of the UFTA have "found that fraudulent transfer statutes are an adequate legal remedy which displace unjust enrichment claims").

Even if the IUFTA provides an adequate legal remedy precluding duplicate recovery under a theory of unjust enrichment, Idaho law permits parties to pursue legal and equitable claims in the alternative. *See Mannos v. Moss*, 155 P.3d 1166, 1173 (Idaho 2007). It also permits equitable recovery in the event a legal remedy is unavailable. *See Bates v. Seldin*, 203 P.3d 702, 706–07 (Idaho 2009) (noting that plaintiff could recover under a theory of unjust enrichment where defendant succeeded on affirmative defense that precluded recovery under breach of contract theory). Because a properly instructed jury denied recovery under the IUFTA, they were free to allow equitable relief. *See id.*; *McCann v. McCann*, 275 P.3d 824, 833–34 (Idaho 2012).

**AFFIRMED**