NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFREY E. BRANDLIN, Receiver for
NTV Financial Group, Inc.,

Plaintiff-Appellee,

v.

EUROLUX, LLC, DBA Eurocar, a
California limited liability company,

Defendant-Appellant.

No.    21-56001

D.C. No.
2:21-cv-00664-SVW-KES

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 11, 2022**
Pasadena, California

Before:  BENNETT and SUNG, Circuit Judges, and FOOTE,*** District Judge.

Defendant-Appellant Eurolux, LLC appeals the district court's order

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

granting Plaintiff-Appellee Jeffrey E. Brandlin's summary judgment motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam), we affirm.

Richard Nguyen was the chief executive officer and president of NTV Financial Group, Inc. when he used $80,000 of the company's funds to make a down payment on a Ferrari that Eurolux titled in his name and transferred to him. Under the California Uniform Voidable Transactions Act, the $80,000 transfer was constructively fraudulent if NTV Financial (1) did not receive "reasonably equivalent value in exchange for the transfer" and (2) made the transfer when it "believed or reasonably should have believed" it could not pay its debts "as they became due." Cal. Civ. Code § 3439.04(a)(2). Eurolux raised a good faith defense under California Civil Code § 3439.08(a), which states: "A transfer or obligation is not voidable under paragraph (1) of subdivision (a) of Section 3439.04, against a person that took in good faith and for a reasonably equivalent value given the debtor or against any subsequent transferee or obligee."

No reasonable trier of fact could conclude that NTV Financial received *any* value in exchange for its $80,000 payment to Eurolux.[1] Under California law,

---

[1] On appeal, Eurolux asserts that Brandlin is judicially estopped from arguing that NTV Financial and Nguyen are separate entities for the purposes of the court's

reasonable equivalence must be determined from the standpoint of creditors." *In re Bay Plastics, Inc.*, 187 B.R. 315, 329 (Bankr. C.D. Cal. 1995). There is no evidence in the record to suggest that NTV Financial received value from Nguyen's receipt and use of the Ferrari. *See In re Supplement Spot, LLC*, 409 B.R. 187, 200 (Bankr. S.D. Tex. 2009); *In re Vencom, Inc.*, 355 B.R. 3, 9 (Bankr. W.D. Ky. 2006). *In re Cohen*, the primary case upon which Eurolux relies, does not hold otherwise, as that case concerned the purchase and transfer of cars in the course of business. 182 B.R. 46, 47 (Bankr. C.D. Cal. 1994).

Nor has Eurolux created a genuine issue of material fact with respect to whether any of the equitable doctrines that courts sometimes invoke to treat two separate transfers as a single transaction apply here. *See* Fed. R. Civ. P. 56(a). The alter ego test does not justify treating NTV Financial (instead of Nguyen) as the recipient of the Ferrari, because no "inequitable result" flows from declining to do so in this case. *See Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 538 (2000). The integrated transaction test fails for a similar reason. *See In re 3dfx Interactive, Inc.*, 389 B.R. 842, 863 (Bankr. N.D. Cal. 2008) ("[I]f it is necessary for a just result, the court may construe a segmented transaction as one

---

constructive fraud analysis. Eurolux did not raise that argument in the district court, so it is waived. *See United States v. Robertson*, 52 F.3d 789, 791 (9th Cir. 1994). The argument also fails on the merits, as Eurolux has not argued or proven any of the elements of judicial estoppel. *See Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012).

transaction."). And nothing in the record suggests that NTV Financial received any "clear and tangible" indirect benefit from its payment to Eurolux. *In re Pajaro Dunes Rental Agency, Inc.*, 174 B.R. 557, 579 (Bankr. N.D. Cal. 1994).

Because NTV Financial did not receive any value in exchange for its payment to Eurolux, Eurolux cannot make out that second element of its good faith defense. *See In re AFI Holding, Inc.*, 525 F.3d 700, 707 (9th Cir. 2008) (concluding "reasonably equivalent value" has same meaning in constructive fraud and good faith defense provisions). In any event, under the plain language of the statute, the good faith defense in § 3439.08(a) applies only to actually fraudulent transactions under § 3439.04(a)(1), and not to constructively fraudulent transactions under § 3439.04(a)(2). *See Klein v. Beck*, No. 4:10-CV-0088-EJL-REB, 2012 WL 976157, at *5 (D. Idaho Mar. 22, 2012), *aff'd*, 589 F. App'x 357 (9th Cir. 2015).

**AFFIRMED.**