889 P.2d 1104

Jeremy VIVEROS, Plaintiff–Appellant,

v.

STATE of Idaho DEPARTMENT OF
HEALTH AND WELFARE,
Defendant–Respondent.

No. 21187.

Supreme Court of Idaho,
Twin Falls, November 1994 Term.

Feb. 16, 1995.

· Idaho Legal Aid Services, Inc., Twin Falls, for appellant.  Michael F. McCarthy argued.

Larry Echohawk, Atty. Gen., James T. Baird, Deputy Atty. Gen., Twin Falls, for respondent.  James T. Baird argued.

McDEVITT, Chief Justice.

This is an appeal from a decision of the district court affirming the decision of the Idaho Department of Health and Welfare (Department) to deny Medicaid coverage for an ear reduction and reshaping surgery (otoplasty) for eight year old Jeremy Viveros (Viveros).  The surgery was recommended by Viveros' treating physician to correct the "congenital malformation" of Viveros' ears and to lessen the possibility of future psychological damage.  The Department found the surgery to be a medically unnecessary cosmetic procedure that was outside the scope of Medicaid coverage.

## I.

### FACTS AND PROCEDURE

Jeremy Viveros is an eight year old boy living in Rupert, Idaho.  He is small for his age, is developmentally and mentally slower than other children, and has been diagnosed as having Attention Deficit Disorder.  At the time of the hearing, Viveros' mental capacity tested at the level of a five or six year-old, and he was still in the first grade.  Viveros receives Supplemental Security Income and Medical Assistance (Medicaid) because of his disabilities.

Viveros was diagnosed as having a congenital deformity of his ears.  Viveros' mother had Viveros diagnosed because he was being teased at school, and Viveros' mother assumed the teasing was because of Viveros' large ears.  Viveros does not understand why he is teased.

Dr. Doble, Viveros' diagnosing physician from Twin Falls, testified that Viveros' ears protrude well beyond "the normal acceptance standards."  This abnormality can be cor-

rected by a surgical procedure known as an otoplasty. Dr. Doble referred Viveros to Dr. Richard Worst for a psychiatric evaluation. As a result of the evaluation, Dr. Worst concluded that because of his ears, Viveros "would be the brunt of a great deal of teasing." Dr. Worst also stated that Viveros was not mature enough to be harmed by the teasing, but that there is a risk that Viveros' self esteem would be damaged in the future without corrective surgery on his ears.

Based on his own evaluation and that of Dr. Worst, Dr. Doble prescribed the otoplasty surgery and requested payment for the surgery from the Department. The request for payment was reviewed by the Medicaid Policy Administrator, William Whiteman (Whiteman) and his medical consultant, Dr. Hubbler. On October 23, 1992, the Department denied approval of the requested procedure. The Department considered the otoplasty procedure a cosmetic surgery, which is not within the scope of the Idaho Medicaid coverage under IDAPA 16.03.9065.02.b.

A hearing was requested challenging the Department's denial of Medicaid coverage for the otoplasty procedure, which resulted in the hearing officer affirming the Department's decision. Viveros appealed the decision to the district court. On February 9, 1994, the district court affirmed the decision of the hearing officer. Appeal to this Court was taken on March 23, 1994.

## II.

### ISSUES ON APPEAL

Viveros states the issues on appeal as:

(1) Whether the Department is required to formally adopt a rule defining "medically necessary cosmetic surgery" before it can deny Medicaid coverage on that basis.

(2) Whether the Department's denial of Medicaid coverage for otoplasty surgery, because the procedure was "cosmetic" and not "medically necessary," was arbitrary and capricious.

(3) Whether the Department's standard for determining whether a surgery is

"medically necessary" is inconsistent with the Medicaid Act.

(4) Whether the Department's failure to consider psychological factors in determining "medically necessary cosmetic surgery" constituted discrimination based upon a condition.

(5) Whether Viveros is entitled to attorney's fees on appeal pursuant to Idaho Code § 12–117.

■ Issues (1), (3), and (4) were not preserved for appeal and are not properly before this Court. Issues presented for the first time on appeal will not be considered by this Court. *State v. Doe,* 123 Idaho 370, 371, 848 P.2d 428, 429 (1993).

■ In the closing arguments of the hearing, counsel for Viveros, Michael F. McCarthy, stated:

There's a couple other small arguments I just want to throw out for the sake of a possible appeal, if we have to appeal. One is that I think that the State is sort of dancing around with an unpublished policy here and I think that raises some issues. That I think there is also potentially a problem with discrimination on the basis of a condition that's located at 42 C.F.R. 440.230(c) which is Federal Regulation, so I assume you take the position that doesn't matter to you. My fourth argument—I have to throw these out because I feel like I need to preserve them—that it violates the regulations regarding sufficiency, amount and scope of services and duration of services and that's 42 C.F.R. 440.230(b). Hearing Transcript at 78.

This closing statement by counsel is the only reference to these issues during the hearing. No facts, theories or argumentation were presented to the hearing officer on these issues. These issues will not be heard for the first time on appeal. *Zehm v. Associated Logging Contractors, Inc.,* 116 Idaho 349, 351, 775 P.2d 1191, 1193 (1988). The only issues which are properly before this Court on appeal are (1) whether the decision of the Department was arbitrary and capricious and (2) whether Viveros is entitled to attorney's fees on appeal.

## III.

### THE DECISION OF THE DEPARTMENT WAS NOT ARBITRARY AND CAPRICIOUS

■ On appeal this Court is to review an agency decision independently of the district court's decision. *Boise Group Homes, Inc., v. Department of Health & Welfare,* 123 Idaho 908, 909, 854 P.2d 251, 252 (1993). This Court can overturn the Department's decision if that decision violates statutory or constitutional provisions, is in excess of the agency's statutory authority, is made upon unlawful procedures, is affected by other errors of law, is clearly erroneous, or is arbitrary, capricious, or an abuse of discretion. I.C. § 67–5215(g).[1] Review of an agency decision is limited to the record on appeal, and the reviewing court may not substitute its judgment for that of the hearing officer on questions of fact. I.C. §§ 67–5215(f), (g); *Boise Group Homes,* 123 Idaho at 909, 854 P.2d at 252. However, "the reviewing court is obliged to reverse a decision if substantial rights of an individual have been prejudiced because the administrative findings and conclusions are in violation of statutory provisions." *Morgan v. Department of Health & Welfare,* 120 Idaho 6, 9, 813 P.2d 345, 348 (1991) (citing *H & V Eng'g, Inc. v. Idaho State Bd. of Professional Eng'rs & Land Surveyors,* 113 Idaho 646, 747 P.2d 55 (1987)); I.C. § 67–5215(g).

We hold that the decision of the Department was not arbitrary or capricious. The Department excludes from Medicaid coverage "[c]osmetic surgery which is not medically necessary." IDAPA 16.03.9065.02.b. Neither the federal nor Idaho's statutes and regulations define the term "medical necessity," but the Department has created a guideline to define the term as used in IDAPA. The Department considers a surgery to be medically necessary, and not cosmetic, if there is a stabilization or improvement in the functioning of a body part, or if the proce-

dure relieves pain. Under this standard, emotional, mental, or psychological factors are not recognized by the Department as improvements in functioning that would be reimbursable under the Medicaid Program.

■ The Department applied this guideline to Viveros' request for Medicaid coverage and determined that the requested procedure was cosmetic in nature and not medically necessary. Viveros' hearing is not affected by his condition, nor is the condition painful. The Department denied Medicaid coverage because it determined that the procedure was intended solely to improve Viveros' appearance.

The Department's decision to deny Medicaid is supported by the record. Nothing in the record indicates that the otoplasty surgery was medically necessary. Viveros' mother stated that the purpose of the otoplasty surgery was for psychological reasons, i.e., to improve Viveros' self-esteem and social skills. Dr. Doble, Viveros' treating physician, testified that Viveros' condition was a congenital malformation which required reconstructive and not cosmetic surgery. According to Dr. Doble, reconstructive surgery is a surgical procedure which restores someone to a normal level of functioning. Evidence in the record supports the conclusion that the otoplasty surgery would not improve Viveros' hearing, but would only change his appearance and possibly improve his self-esteem. Thus, the otoplasty surgery is not reconstructive in nature because it would not affect the functioning of Viveros' hearing.

During the hearing, Whiteman, the Medicaid Policy Administrator, testified that in determining whether a procedure is medically necessary, the Department separates psychological factors from physical functions. The Department did not err in only looking at the physical components of Viveros' requested procedure. Nothing in the record establishes that Viveros suffers from any present psychological injury. The only evi-

1. The Idaho Administrative Procedure Act was amended in 1993, I.C. § 67–5201 to 5218, including the provisions setting forth the standards of review. I.C. § 67–5215, as repealed by H.B. No. 712, 1992 Idaho Sess.Laws, ch. 263, § 41; I.C. § 67–5279, as added by H.B. No. 712, 1992 Idaho Sess.Laws, ch. 263, § 51. However, the initial decision of the Department was made prior to the effective date of the 1993 amendment. This case falls under the prior enactments of the Act, thus the 1992 version will be used.

**718**

dence adduced from the record is that the surgery might relieve some possible future psychological injury. We need not address that possibility. We hold that the Department properly denied Medicaid coverage for the otoplasty surgery.

### IV.

### VIVEROS IS NOT ENTITLED TO ATTORNEY FEES ON APPEAL

 Viveros seeks attorney fees on appeal pursuant to I.C. §§ 12–121, 117. This Court will award the prevailing party costs and attorney's fees when an appeal is brought, pursued or defended frivolously, unreasonably or without foundation. I.C. § 12–121; I.R.C.P. 54(e)(1); *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). In any civil proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney's fees and expenses, *if the court finds in favor of the person and finds that the state agency acted without a reasonable basis in fact or law.* I.C. § 12–117(1); *Lockhart v. Department of Fish and Game*, 121 Idaho 894, 898, 828 P.2d 1299, 1303 (1992).

The Department is the prevailing party on appeal, thus Viveros is not entitled to an award of attorney fees. No attorney's fees are awarded on appeal. Costs on appeal are awarded to respondent.

JOHNSON, TROUT and SILAK, JJ., and WOODLAND, J. Pro Tem., concur.