941 P.2d 326

**Ron McKINSEY, Plaintiff–Appellant,**

v.

**Richard A. VERNON, David Paskett, Phyllis Blunck, Nicholas Miller, John D. Hayden, Shelly Shannon and John Does 1–10, individually, Defendants–Respondents.**

No. 22978.

Supreme Court of Idaho, Boise, February 1997 Term.

June 5, 1997.

William B. Latta Jr., Boise, for appellant.

Hamlin & Sasser; Boise, for respondents. Ronald D. Christian, argued, Boise.

SCHROEDER, Justice.

This is an appeal by Ron McKinsey from the district court's grant of the defendants' motion for summary judgment dismissing McKinsey's claim pursuant to 42 U.S.C. § 1983, which maintained that he was improperly deprived of a property interest in his employment.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Ron McKinsey was employed by the Department of Correction (Department) for nearly seventeen (17) years beginning June 8, 1970. The Department underwent many changes during the time McKinsey was employed.

In September of 1974 the North Idaho Correctional Institute ("N.I.C.I.") was creat-

ed as a division within the Department. Mr. C.W. "Bill" Crowl was appointed to serve as the Superintendent of N.I.C.I. McKinsey served under Crowl as a probation and parole officer.

In April of 1976 N.I.C.I. became a Bureau within the Division of Probation and Parole. McKinsey was appointed as Bureau Chief of the N.I.C.I. in May of 1976 by Crowl who was the newly appointed Administrator of the Division of Probation and Parole.

In July of 1978 Crowl was appointed as the Acting Director of the Department. Under his direction, N.I.C.I. again became a division within the Department. Crowl, with the concurrence of the Board of Corrections (Board), appointed McKinsey to the position of Superintendent of N.I.C.I., a position which is synonymous to "warden." The minutes of the Board meeting, dated July 17, 1978, formally document the promotion of Crowl and McKinsey.

The Board met on March 16, 1993, and voted to terminate McKinsey. On March 19, 1993, McKinsey received a letter of termination from Director Vernon, which was approved by the Board.

On January 19, 1995, McKinsey filed a Complaint with the district court against Director Vernon, members of the Board, and individual members of the Department's administration wherein he alleged violation of his civil rights, pursuant to 42 U.S.C. § 1983. McKinsey alleged that he was deprived of a property interest in his employment with the Department. McKinsey's claim was founded upon the assertion that he was a classified employee with a vested right in his employment. Consequently, he maintained that he was deprived of a property right without due process since he was terminated without notice or an opportunity to be heard.

The defendants/respondents filed a motion for summary judgment which the district court granted. The district court dismissed McKinsey's claim under two separate components of qualified immunity: 1) McKinsey failed to establish the violation of a clearly established constitutional or statutory right in his employment; and, 2) given the undisputed circumstances that existed in this case since 1978 no reasonable person would recognize that the termination infringed upon McKinsey's constitutional rights. McKinsey appeals the decision of the district court.

## II.

## STANDARD OF REVIEW

The standard of review on appeal from the district court's entry of summary judgment is the same standard as required of the district court when initially ruling on the motion. *Truck Ins. Exch. v. Bishara*, 128 Idaho 550, 916 P.2d 1275 (1996); *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). Consequently, both this Court and the district court must liberally construe the record in favor of the party opposing the motion, drawing all reasonable inferences and conclusions supported by the record in favor of that party. I.R.C.P. 56(c); *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *Harris v. State, Department of Health & Welfare*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992). Where the evidence reveals no disputed issue of material fact, "what remains is a question of law, over which this Court exercises free review." *Friel*, 126 Idaho at 485, 887 P.2d at 29.

## III.

## THE DISTRICT COURT CORRECTLY RULED THAT THE RESPONDENTS WERE ENTITLED TO QUALIFIED IMMUNITY.

In *Arnzen v. State*, 123 Idaho 899, 854 P.2d 242 (1993), *cert. denied*, 510 U.S. 1071, 114 S.Ct. 877, 127 L.Ed.2d 73 (1994), this Court stated that " 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Id.* at 904, 854 P.2d at 247 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). The United States Supreme Court later specified that "[t]he contours of the right must be sufficiently clear that a reasonable official

would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *Arnzen,* 123 Idaho at 904, 854 P.2d at 247. More recently, in *Hunter v. Bryant,* 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991), the United States Supreme Court further explained that qualified immunity protects " 'all but the plainly incompetent or those who knowingly violate the law' . . . . [by] accomodat[ing] for reasonable error." *Id.* at 229, 112 S.Ct. at 537 (citing *Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986)); *Arnzen,* 123 Idaho at 904, 854 P.2d at 247.

▮ The three-part inquiry to determine if a public official asserting qualified immunity is entitled to the defense is:

1. Was there a clearly established law?
2. Did the conduct of the party asserting qualified immunity violate a clearly established right of the party claiming the violation?
3. Was the conduct of the party asserting qualified immunity reasonable?

*Farnworth v. Femling,* 125 Idaho 283, 286, 869 P.2d 1378, 1381 (1994); *Arnzen,* 123 Idaho at 904, 854 P.2d at 247.

▮ In liberally construing the record in favor of the party opposing the motion for summary judgment, and by drawing all reasonable inferences and conclusions in favor of the same, I.R.C.P. 56(c), it must be assumed that McKinsey was a classified employee entitled to due process protections prior to termination rather than an exempt employee who would be terminable at will without due process protections. Consequently, the burden shifts to the respondents to establish that their actions were reasonable, even if mistaken, in discharging him. *Shoshone–Bannock Tribes v. Fish & Game Comm'n, Idaho,* 42 F.3d 1278, 1285 (9th Cir.1994); *Browning v. Vernon,* 44 F.3d 818, 822 (9th Cir.1995).

▮ The respondents contend that they are entitled to qualified immunity because they acted reasonably in light of the pre-existing law. In order to succeed, they must show that the contours of the right are not

"sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. at 640, 107 S.Ct. at 3039. "If a reasonable official could have believed that his actions were lawful, summary judgment on the basis of qualified immunity is appropriate." *Hemphill v. Kincheloe,* 987 F.2d 589, 593 (9th Cir.1993). This determination must be made before the merits of the underlying claim are considered. *Id.* "Only if there be a genuine issue of fact that would preclude a grant of summary judgment, should the court let the case to proceed to trial." *Id.*

The record clearly substantiates the district court's finding that "no reasonable person would recognize that by taking the personnel action they did they were infringing upon [McKinsey's] constitutional rights." There is a complex statutory and classification history which would reasonably lead the respondents to believe that McKinsey was an exempt employee, terminable at will. Each of the six wardens who served within the Department at the same time as McKinsey testified that, as wardens, they had always been and would continue to be nonclassified/exempt employees. McKinsey's personnel records for the duration of his tenure as warden indicated a nonclassified status. McKinsey testified in an affidavit that he was told repeatedly that he was an exempt employee, and he believed that was the case to the extent that he stated he was an exempt employee in conjunction with his application for unemployment benefits following termination. The respondents' conduct was reasonable, even if mistaken. Therefore, summary judgment on the basis of qualified immunity was appropriate in this case.

**IV.**

**McKINSEY DID NOT RAISE THE CLAIM OF A VIOLATION OF THE OPEN MEETING LAW BEFORE THE DISTRICT COURT AND, THEREFORE, IS PRECLUDED FROM ASSERTING IT AT THIS TIME.**

▮ McKinsey contends that the meeting of the Board violated the Idaho open meeting

law, I.C. § 67–2341, and therefore the actions taken at that meeting are null and void, I.C. § 67–2347(1).

This claim was not made in McKinsey's complaint in the district court and was not argued before the district court in the hearing on the defendants' motion for summary judgment. Issues not raised below and presented for the first time on appeal will not be considered for review. *Viveros v. State Dep't of Health & Welfare,* 126 Idaho 714, 716, 889 P.2d 1104, 1106 (1995).

## V.

## CONCLUSION

The respondents are entitled to the defense of qualified immunity. Accordingly, the district court's grant of summary judgment is affirmed.

Costs on appeal are awarded to respondents. No attorney fees are awarded on appeal.

TROUT, C.J., JOHNSON and McDEVITT, JJ., and WOODLAND, J. Pro Tem, concur.