## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 35205

| | | |
|---|---|---|
| CHAUN LANCE McCLELLAN, | ) | 2011 Unpublished Opinion No. 310 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 10, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. R. Barry Wood, District Judge.

Appeal from order dismissing post-conviction relief action, <u>dismissed</u>.

Chaun Lance McClellan, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Chaun Lance McClellan appeals from the dismissal of one of his claims for post-conviction relief.

McClellan pleaded guilty to attempted strangulation and felony domestic violence. He thereafter filed a timely pro se petition for post-conviction relief, alleging in Count I of the petition that his defense counsel was ineffective for failing to investigate a possible self-defense claim and leading McClellan to believe he had no option but to plead guilty. The State answered McClellan's petition and moved to summarily dismiss it.

After a hearing, at which McClellan was represented by counsel, the district court partially granted the State's motion for summary dismissal. The court ruled that, with the exception of a claim that defense counsel was ineffective for failing to file a motion to withdraw McClellan's guilty plea, all of the other claims alleged in the petition, including a claim that trial counsel was ineffective for failing to adequately explain to him the elements of self-defense, were affirmatively disproved by the record of the change of plea hearing. Following an

1

evidentiary hearing on the ineffective assistance of counsel claim related to defense counsel's failure to file a motion to withdraw McClellan's guilty plea, the district court dismissed the petition in its entirety. McClellan timely appealed.

On appeal McClellan raised a single issue: "Did the district court err by summarily dismissing the ineffective assistance of counsel claim regarding failing to inform Mr. McClellan of possible defenses because the State's motion is inadequate to dismiss this claim and the evidentiary hearing addressed a separate issue?" The State filed a motion to remand on the ground that the State's motion for summary dismissal, upon which the district court relied as its basis for dismissal, "failed to set forth any ground for dismissal sufficient to establish that no genuine issue of material fact existed with respect to either the deficient performance or prejudice prongs of the ineffective assistance of counsel claim . . . " regarding informing McClellan of possible defenses. Our Supreme Court granted the State's motion and remanded the case for further proceedings on this claim. The order further stated that the appeal would be suspended until the receipt of an order resolving the issue below, at which time the due date for the State's response brief was to be reset.

On remand, the district court granted McClellan an evidentiary hearing on the claim that trial counsel was ineffective for failing to investigate and advise McClellan of possible defenses. Following the hearing, the district court entered an order denying relief.

Thereafter, the appellate briefing schedule was resumed and the due date for the State's response brief was reset. McClellan's appellate counsel filed a motion requesting the opportunity to file a revised appellant's brief, which was granted. However, after three extensions, appellate counsel filed instead a motion for leave to withdraw asserting that there are no meritorious issues to raise on appeal. The Supreme Court granted the motion and allowed McClellan time to retain new counsel or submit a pro se appellant's brief. McClellan did neither. The State filed a brief and, as McClellan failed to file a reply brief, the case was set at issue with only the argument in McClellan's initial appellant's brief serving as the sole issue on appeal. Thus, McClellan asserts on appeal that the district court erred in summarily dismissing his ineffective assistance of counsel claim of failing to inform McClellan of possible defenses.

As McClellan was granted an evidentiary hearing on his claim of ineffective assistance of counsel on remand, his asserted issue on appeal is moot. A court will not hear moot cases, that is, cases in which a favorable judicial determination will not result in relief and has no practical

effect. *State ex rel. Winder v. Canyon Vista Family Ltd. P'ship*, 148 Idaho 718, 724, 228 P.3d 985, 991 (2010); *Fenn v. Noah*, 142 Idaho 775, 779, 133 P.3d 1240, 1244 (2006); *Comm. for Rational Predator Mgmt. v. Dep't of Agric.*, 129 Idaho 670, 672, 931 P.2d 1188, 1190 (1997). A favorable judgment for McClellan in this case that the district court erred in initially summarily dismissing his claim would only entitle McClellan at most to an evidentiary hearing on the merits, which McClellan has already received. As a favorable judicial determination will not result in relief to McClellan, the issue is moot. The appeal is therefore dismissed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**